UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN E. REARDON,

        Plaintiff,

   v.

STATE OF NEW JERSEY, et al.,

        Defendants.

Civ. No. 13-5363 (NLH)

**OPINION**

Appearances:

JOHN E. REARDON
1 JOANS LANE
BERLIN, NJ 08009
*Pro Se Plaintiff*

BRIAN P. WILSON
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
DIVISION OF LAW
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625
*Attorney for Defendants State of New Jersey, the Hon. Victor Ashrafi, J.A.D., the Hon. Margaret M. Hayden, J.A.D., the Hon. Edith K. Payne, J.S.C., the Hon. Anthony M. Pugliese, J.S.C. and the Hon. Ronald J. Freeman, J.S.C. (retired)*

**HILLMAN, District Judge**

      Before the Court is a motion to dismiss filed by defendants the State of New Jersey, the Hon. Victor Ashrafi, J.A.D., the Hon. Margaret M. Hayden, J.A.D., the Hon. Edith K. Payne, J.S.C., the Hon. Anthony M. Pugliese, J.S.C. and the Hon. Ronald J. Freeman, J.S.C. (retired) (collectively "State defendants"). Also before the Court is plaintiff's motion for

leave to amend his complaint.  For the reasons that follow, the defendants' motion will be granted and the plaintiff's motion will be denied.

I.  **FACUTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was convicted in 1992 in the State of New Jersey for (1) third-degree possession of a destructive device in violation of N.J. STAT. ANN. 2C:39-3(a); (2) second-degree possession of explosive material with intent to use it against another in violation of N.J. STAT. ANN. 2C:39-4(b); and (3) second-degree possession of a destructive device with the intent to use it against another in violation of N.J. STAT. ANN. 2C:39-4(c).

Following his 1992 conviction, plaintiff appealed and Judges Payne and Hayden of the Superior Court of New Jersey, Appellate Division, affirmed.  See State v. Reardon, 2012 WL 10800, at *1-2 (N.J.Super.Ct.App. Div. Jan. 4, 2012).  On October 1, 2009, plaintiff filed a petition for post-conviction relief in the New Jersey Superior Court.  Id.  By Order dated August 20, 2010, Judge Pugliese denied plaintiff's motion.  Id.  On January 4, 2012, the Superior Court, Appellate Division, affirmed, on grounds that plaintiff's petition was untimely, that his arguments were barred because they were previously litigated and that his arguments lacked merit.  Id. at *3-4.

Plaintiff then filed a complaint[1] before this Court alleging that his 1992 conviction and subsequent denial of his post-conviction relief (PCR) petition were unconstitutional. Plaintiff states that he is not asking this Court "to set aside his conviction" but rather he asks the Court to find his conviction unconstitutional and enjoin the enforcement of the conviction.

The State defendants move to dismiss plaintiff's complaint. In response, plaintiff moves to amend his complaint.

## II.   STANDARDS FOR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) and (6)

The State defendants argue that plaintiff's claims are absolutely barred by the doctrine of Eleventh Amendment sovereign immunity. As plead, Eleventh Amendment immunity is a challenge to this Court's subject matter jurisdiction and, therefore, is determined pursuant to Fed. R. Civ. P. 12(b)(1). Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). Rule 12(b)(1) motions are either facial or factual challenges. CNA v. United States, 535 F.3d 132, 140 (3d Cir. 2008). A facial attack concerns the sufficiency of the pleadings, whereas a factual

---

[1] Plaintiff filed his original complaint on September 9, 2013, and served it on the State defendants on September 26, 2013. He filed an "amended complaint" as a matter of course on October 8, 2013, pursuant to Fed. R Civ. P. 15(a)(1)(A). The amended complaint is not a fully amended complaint, but rather, is a recitation of some additional allegations. The Court will treat the complaint and amended complaint as one complaint and will refer to both as simply the complaint.

attack is a dispute over the existence of certain jurisdictional facts alleged by the plaintiff.  Id. (citing United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007)).

In deciding a motion that attacks the complaint on its face, the court must accept the allegations in the complaint as true.  Mortensen, 549 F.2d at 891; Gould Elecs., 220 F.3d at 176 ("In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.")

If the motion attacks the facts supporting jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  The plaintiff will have the burden of proof that jurisdiction does in fact exist. Id.

Here, the State defendants are making a facial attack that plaintiff's claims are barred by sovereign immunity and, therefore, the Court accepts the allegations in plaintiff's complaint as true.

Alternatively, the State defendants argue that plaintiff's claims are barred under the doctrine of judicial immunity pursuant to Fed. R. Civ. P. 12(b)(6).  See Melo v. Hafer,

4

13 F.3d 736, 744 (3d Cir. 1994) (If a defendant believes facts alleged entitle him to absolute judicial immunity, he may file a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)).

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the

5

claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to

6

suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III. DISCUSSION

Even though a pro se complaint must be construed liberally,[2] plaintiff's complaint must be dismissed on grounds of sovereign immunity and judicial immunity. As defendants are immune from suit, amendment of plaintiff's complaint would be futile.[3]

---

[2] "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 107 (1976).

[3] Alternatively, the State defendants argue that plaintiff's claims are barred by the Heck and Rooker-Feldman doctrines, as well as *res judicata* and *collateral estoppel*. Also, the State defendants argue they are not persons amenable to suit under 42 U.S.C. § 1983 and that plaintiff fails to provide factual allegations that support his conclusion that the State defendants violated his rights. To the extent plaintiff seeks to challenge the ultimate judgment of his state court criminal conviction, the Rooker-Feldman doctrine bars his claim. See

7

### A. Claims Against State of New Jersey Must be Dismissed

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  "[A]n unconsenting State also is immune from suits by its own citizens."  Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440, 446, 124 S.Ct. 1905 (2004).

---

Prater v. City of Philadelphia Family Court, --- Fed.Appx. ----, 2014 WL 2700095, at *3 (3d Cir. June 16, 2014); Taliaferro v. Darby Tp. Zoning Bd., 458 F.3d 181, 193 (3d Cir. 2006) (Once a state court proceeding has concluded, the Rooker–Feldman abstention doctrine applies when the relief requested in the federal court would effectively reverse a state court decision or void its ruling); see also, Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (The application of the Rooker–Feldman doctrine is necessarily limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").  In addition, plaintiff's § 1983 claims would also be barred by the Heck doctrine.  Heck v. Humphrey, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) ("when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated.").  Plaintiff has not demonstrated that his conviction has been invalidated.  To the contrary, it was affirmed on appeal and his post-conviction relief petition was denied in the state court proceedings.  Because plaintiff's claims are barred by the doctrines of sovereign immunity and judicial immunity, and alternatively by the Rooker-Feldman and Heck doctrines, the Court will not address the remainder of defendants' alternative arguments.

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). (citing Missouri v. Fiske, 290 U.S. 18, 27, 54 S.Ct. 18, 21, 78 L.Ed. 145 (1933)); Accord Quern v. Jordan, 440 U.S. 332, 342, 99 S.Ct. 1139, 1146, 59 L.Ed.2d 358 (1979) (holding that 42 U.S.C. § 1983 does not override States' Eleventh Amendment immunity).

The State of New Jersey has not waived its immunity and this Court lacks subject matter jurisdiction over plaintiff's claims.  Accordingly, the State of New Jersey is immune from suit and will be dismissed.

**B. Claims Against State Court Judges Must be Dismissed**

Plaintiff's claims against defendants the Hon. Victor Ashrafi, J.A.D., the Hon. Margaret M. Hayden, J.A.D., the Hon. Edith K. Payne, J.S.C., the Hon. Anthony M. Pugliese, J.S.C. and the Hon. Ronald J. Freeman, J.S.C. (retired) ("State court judges") are also barred under the doctrines of sovereign immunity

and judicial immunity.

As officers of the State of New Jersey, the State court judges enjoy sovereign immunity. See Betts v. New Castle Youth Development Center, 621 F.3d 249, 254 (3d Cir. 2010) ("Individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state.")(citing Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991)).

The Eleventh Amendment, however, does permit suits for prospective injunctive relief against state officials. See Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Plaintiffs may bring suit against state officers, but their remedies are limited to those that are "designed to end a continuing violation of federal law." Green v. Mansour, 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985). Plaintiffs may not be awarded damages or other forms of retroactive relief. Pennhurst, 465 U.S. at 103.

In his complaint, plaintiff asks this Court to issue a "declaratory order that the state [] violated his rights" and to "issue an injunction barring the State and Federal Governments from using these convictions against him for any right, privilege or immunity that the plaintiff would be entitled to absent the conviction." Plaintiff's request for declaratory or injunctive

10

relief is not the kind that is permitted under the Eleventh Amendment exception.  Plaintiff is not asking for prospective relief, but for this Court to overturn his state court conviction as unconstitutional.  Accordingly, the remedy plaintiff seeks against the State defendants cannot properly be characterized as a claim for prospective relief "designed to end a continuing violation of federal law."  Green, 474 U.S. at 68, 106 S.Ct. 423.  Accordingly, Plaintiff's request for injunctive relief shall also be dismissed.[4]

Additionally, under the doctrine of judicial immunity, a judge is entitled to absolute immunity from civil suits for actions arising from his or her judicial actions.  See Mireles v. Waco, 502 U.S. 9, 10-11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (explaining that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages,"); Pierson v. Ray, 386 U.S. 547, 553-554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction ....").  The immunity is

---

[4] The Federal Courts Improvement Act of 1996 amended 42 U.S.C. § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; see also Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006).

11

absolute and cannot be overcome by allegations of bad faith or malice. See id. at 11. There are two exceptions for judicial immunity: (1) for non-judicial actions (actions not taken in the judge's judicial capacity); and (2) for actions, though judicial in nature, which are taken in the complete absence of jurisdiction. See id. at 11-12. Whether an act by a judge is a judicial one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349, 362 (1978); see also Gallas v. Supreme Court of Pa., 211 F.3d 760 (3d Cir. 2000).

Plaintiff's allegations are based on his state court criminal proceeding and conviction. Plaintiff alleges that his conviction, and the denial of his PCR petition, violated his constitutional rights. Plaintiff's claims against the State court judges all arise from their judicial actions and, therefore, the State court judges are entitled to absolute judicial immunity.

Moreover, plaintiff fails to raise any allegation that would provide an exception to the State court judges' judicial immunity. Plaintiff makes no claim regarding any acts by the State court judges that could plausibly be construed as "non-judicial" acts. Likewise, plaintiff has not alleged any acts that could be construed to be "in complete absence of all

12

jurisdiction."

Therefore, the State court judges are immune from suit. Plaintiff's claims against the State court judge defendants will be dismissed.

### C. U.S. Government Must be Dismissed

The Court notes that plaintiff also named the U.S. Government as a defendant. Plaintiff makes no allegations against the U.S. Government in his complaint or proposed amended complaint. Accordingly, this defendant must be dismissed. See Salesky v. Balicki, No. 10-5158, 2013 WL 3200722, at *2 (D.N.J. June 24, 2013) (finding no allegations of any wrongful conduct with respect to defendant and dismissing § 1983 claims). Further, even though plaintiff filed a proof of service stating that he served the summons on Eric Holder, he does not specify the date it was allegedly served. Thus, plaintiff has not presented sufficient proof of service that he complied with Fed.R.Civ.P. 4(i) or (m). The U.S. Government has not filed an appearance or responsive pleading. Since plaintiff has not prosecuted his case against the U.S. Government, the U.S. Government is also subject to dismissal pursuant to Local Rule 41.1(a).

### D. Amendment to the Complaint Would be Futile

Generally, the Federal Rules of Civil Procedure encourage and provide for a liberal policy with regard to the amendment of pleadings. Pursuant to Federal Rule of Civil

13

Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) further "requires that leave to amend the pleadings be granted freely 'when justice so requires.'" Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (citing Fed. R. Civ. P. 15(a)) ("We have held that motions to amend pleadings should be liberally granted.").  In Foman v. Davis, 371 U.S. 178, 182 (1962), the Supreme Court articulated the policy of "freely" granting leave to amend.  See also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

"[A]bsent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (internal quotations, citations, and emphasis omitted); see also Haynes v. Moore, 405 F. App'x 562, 564 (3d Cir. 2011) (noting that even though leave to amend under Rule 15 should be freely given, "a district court may exercise its discretion and deny leave to amend on the basis of undue delay, bad faith, dilatory motive, prejudice, or futility.").

"The standard for assessing futility [of amendment] is the 'same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6).'" Great W. Mining & Mineral

14

Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) (citing Shane v. Fauver, 213 F.3d 113, 115 (3d. Cir. 2000)); see also Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted.").

Plaintiff alleges in his proposed amended complaint that Judge Steinberg erroneously granted a search warrant; that Judges Steinberg and Greene failed to recuse themselves; that Judge Pugliese denied his PCR motion for lack jurisdiction; that Judge Freeman entered a "false" order; that Judges Sharafi, Payne and Hayden accepted the "false" lower state court record and denied his appeal; and that the Judges entered "false" orders denying plaintiff's relief.  Plaintiff's allegations all concern the State court judges' judicial acts.  As such, they are entitled to immunity.  Allowing plaintiff to amend the allegations in his complaint against the State defendants would be futile.  See Shearin v. Delaware, No. 02-276, 2003 WL 1697540, at *7 (D.Del. Mar. 21, 2003) ("[I]t is clear that allowing Plaintiff to amend her complaint in this manner would be futile because judges and judicial officers are entitled to absolute immunity from suit for damages under 42 U.S.C. § 1983) (citations omitted).

Additionally, plaintiff does not make any specific allegations against the U.S. Government in his amended complaint.

15

Therefore, allowing plaintiff to file the amended complaint would be futile because there are no allegations that could support a claim against this defendant.  <u>Jablonski v. Pan American World Airways, Inc.</u>, 863 F.2d 289, 292 (3d Cir. 1988) (An amendment to a complaint is futile "if the amended complaint cannot withstand a motion to dismiss.").  In addition, plaintiff has presented no claim in his amended complaint that could overcome the federal government's sovereign immunity.  <u>See</u> <u>Azubuko v. Saris</u>, 167 Fed.Appx. 317, 319 (3d Cir. 2006) ("Absent a waiver, sovereign immunity shields the Federal Government ... from suit.") (citing <u>FDIC v. Meyer</u>, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)).

Therefore, any amendment to plaintiff's complaint against the U.S. Government would be futile.

**IV.  <u>CONCLUSION</u>**

The State defendants' motion to dismiss will be granted and the State defendants shall be dismissed.  The U.S. Government shall be dismissed as a defendant.  Plaintiff's motion for leave to amend his complaint shall be denied on grounds of futility.

At Camden, New Jersey

s/Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

Dated:  June 27, 2014