```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

JOHN E. REARDON,              :
                              :   Civ. No. 13-5363 (NLH)
         Plaintiff,           :
                              :
    v.                        :   **OPINION**
                              :
STATE OF NEW JERSEY, et al.,  :
                              :
         Defendants.          :

Appearances:

JOHN E. REARDON
1 JOANS LANE
BERLIN, NJ 08009
*Pro Se Plaintiff*

BRIAN P. WILSON
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
DIVISION OF LAW
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625
*Attorney for Defendants State of New Jersey, the Hon. Victor Ashrafi, J.A.D., the Hon. Margaret M. Hayden, J.A.D., the Hon. Edith K. Payne, J.S.C., the Hon. Anthony M. Pugliese, J.S.C. and the Hon. Ronald J. Freeman, J.S.C. (retired)*

**HILLMAN, District Judge**

   Presently pending before the Court is the motion of plaintiff for reconsideration of the Court's June 27, 2014 Opinion dismissing his complaint and denying his motion for leave to file an amended complaint. Also pending is plaintiff's renewed request to file an amended complaint.

   Briefly, by way of background, plaintiff filed suit against

defendants the State of New Jersey, the Hon. Victor Ashrafi, J.A.D., the Hon. Margaret M. Hayden, J.A.D., the Hon. Edith K. Payne, J.S.C., the Hon. Anthony M. Pugliese, J.S.C. and the Hon. Ronald J. Freeman, J.S.C. (retired) (collectively "State defendants"), asking that this Court deem unconstitutional his state criminal conviction and to enjoin the enforcement of his criminal conviction.  In the Court's June 27, 2014 Opinion, the Court dismissed plaintiff's complaint with prejudice, finding that plaintiff's claims were barred by the doctrines of sovereign immunity and absolute judicial immunity, and the Rooker-Feldman and Heck doctrines.  The Court also denied plaintiff's request to file an amended complaint, finding that it would be futile to grant plaintiff's request.

A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere

2

disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

Amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Even though the Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities, Dole v. Arco Chemical Co., 921 F.2d 484, 487 (3d Cir. 1990); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989), an amendment must be permitted only in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment, Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss. Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988); see also Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (explaining that Third Circuit precedent

3

"supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim unless doing so would be inequitable or futile").

Plaintiff's current motions do not meet the standards for granting plaintiff's request for reconsideration and for filing an amended complaint.  Plaintiff has not presented to the Court any change in law or the discovery of any new evidence since the entry of the Court's Order, and plaintiff has not demonstrated the need to correct a clear error of law or fact or to prevent manifest injustice.  Moreover, plaintiff's proposed amended complaint, which appears to retain all the same claims against the same defendants, fails for the same reasons explained by the Court in the June 27, 2014 Opinion.

Consequently, plaintiff's motion for reconsideration and plaintiff's motion for leave to file an amended complaint must be denied.  An appropriate Order will be entered.


Date:  January 7, 2015            s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

4